**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **GREGORY J. GRAY and EARLENE GRAY,** | |
| *Plaintiffs,* | **CIVIL ACTION NO.** |
| **v.** | **5:20-cv-00377-TES** |
| **FAY SERVICING and DOES 1 TO 50,** | |
| *Defendants.* | |

## ORDER TO FILE A PROPOSED AMENDED COMPLAINT

Defendant Fay Servicing, LLC, has moved to dismiss Plaintiffs Gregory J. Gray and Earlene Gray's Complaint [Doc. 1-2] for failure to state a claim. *See generally* [Doc. 2]. After being served with Fay Servicing's Motion to Dismiss [Doc. 2], Plaintiffs requested "an opportunity to file an Amended Complaint." *See generally* [Doc. 4]. Although Plaintiffs opposed Fay Servicing's dismissal motion, they do not address the substantive arguments Fay Servicing put forth to support a dismissal on the merits. [*Id.*]. Instead, Plaintiffs sought leave to amend their Complaint. Accordingly, given Plaintiffs' *pro se* statuses, the Court **CONSTRUES** their filing as a Motion for Leave to File an Amended Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 15(a) allows Plaintiffs to amend their complaint "as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). Fay Servicing's Motion, filed on October 1, 2020, is

made pursuant to Rule 12(b). [Doc. 2-1, p. 1]. Thus, Plaintiffs had until October 22, 2020, to amend their Complaint under Rule 15's "matter of course" provision. Fed. R. Civ. P. 15(a)(1)(B). Since Plaintiffs are proceeding *pro se* and receive service via mail pursuant Federal Rule of Civil Procedure 5(b)(2)(C), three days "are added after the period [under Rule 15(a)] would . . . expire . . . ." Fed. R. Civ. P. 6(d). This means, in order for Plaintiffs to amend "as a matter of course," they must have submitted their proposed Amended Complaint or set forth the substance of the proposed amendment by Monday, October 26, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C) (discussing when the last day of the period ends on a Saturday, Sunday, or legal holiday).

Even though Plaintiffs requested "an opportunity to file an Amended Complaint" on October 27, 2020, and missed the "as a matter of course" deadline by one day, Rule 15(a) also allows them to amend their Complaint with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); [Doc. 4, pp. 1, 8]. Fay Servicing objected; however, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* [Doc. 5].

In the Eleventh Circuit, though, "[f]iling a motion is the proper method to request leave to amend a complaint." *Long v. Satz*, 171 F.3d 1275, 1279 (11th Cir. 1999). "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Id.* (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999)) ("[P]arties should not be allowed to

amend their complaint without showing how the complaint could be amended to save the meritless claim."). Plaintiffs have, albeit briefly, submitted the substance of their proposed amendment. [Doc. 4, pp. 3–4]. However, the Court cannot, at this time, determine whether Plaintiffs' Motion to Amend should be denied on futility grounds— grounds on which "the proposed amendment is clearly insufficient or frivolous on its face." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1161–62 (11th Cir. 1999); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

Therefore, the Court will provide Plaintiffs **14 DAYS** to submit a Proposed Amended Complaint. *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1999)) (discussing that "undue delay and prejudice are not factors that allow a district court to deny leave to amend" and that "[a] *pro se* plaintiff . . . 'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' . . . where a more carefully drafted complaint might state a claim"). If the Court grants leave to amend, Fay Servicing's Motion to Dismiss will be denied as moot. If leave is denied, the Court will rule on Fay Servicing's pending Motion to Dismiss.

**SO ORDERED**, this 17th day of November, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**