IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GREGORY J. GRAY and EARLENE GRAY,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FAY SERVICING and DOES 1 TO 50,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>**5:20-cv-00377-TES** |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

In response to Defendant Fay Servicing's Motion to Dismiss [Doc. 2], Plaintiffs

Gregory J. Gray and Earlene Gray stated that an amended complaint was "necessary to

move forward." [Doc. 4, p. 2]. Since Plaintiffs didn't use the proper channel—filing a

motion—to seek leave to amend, the Court, recognizing their *pro se* status, construed

their Response [Doc. 4] as a Motion for Leave to File an Amended Complaint, and it

granted leave. *See generally* [Doc. 6]; *see also Long v. Satz*, 171 F.3d 1275, 1279 (11th Cir.

1999). The Court gave Plaintiffs 14 days to submit a proposed amended complaint, and

the time has passed without any submission. [Doc. 6, p. 3]. Therefore, for the reasons

discussed below, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 2].

According to Defendant's Motion, this lawsuit is an "effort to frustrate Plaintiffs'

lender's ability to foreclose on a certain property securing a mortgage loan." [Doc. 2-1,

p. 1]. Mainly, Plaintiffs allege that Defendant failed to "provide notice to the holder of

the first lien on the property." [*Id.* at p. 2]. As grounds for dismissal, Defendant

contends that "the requirements of Georgia law regarding standing and notice were

satisfied[]" and that Defendant "only acted as a mortgage servicer and did not foreclose

on the secured property." [*Id.*].

## FACTUAL BACKGROUND

On or about January 29, 2008, Plaintiffs obtained a mortgage loan in the amount

of $16,929.74 from CitiFinancial Services, Inc., for the subject property located at 134

Knights Bridge, Warner Robins, Houston County, Georgia, 31093. [Doc. 1-2, pp. 3–4].

The security deed resulting from this mortgage was assigned four different times. [Doc.

2-1, pp. 3–4]. Ultimately, the security deed was assigned to CitiBank, N.A., as trustee for

CMLTI Asset Trust. [*Id.*]. On or about January 14, 2011, CitiFinancial Services entered

into a subordination agreement that subordinated its interest to one being granted to

Mortgage Investors Corporation for another loan to Plaintiffs not to exceed $87,589.00.

[Doc. 1-2, p. 4]. Plaintiffs then, on or about January 20, 2011, granted a security interest

to a nominee, MERS, for Mortgage Investors Corporation against the subject property in

the amount of $84,908.00. [*Id.*].

Plaintiffs allege that they "paid and remained current on both mortgage

obligations until April of 2017." [*Id.*]. Around that time, Plaintiff Earlene Gray was

diagnosed with breast cancer, and "due to the significance of her diagnosis, immediate

surgery was necessary." [*Id.*]. Mrs. Gray had to stop working to focus on the extensive

treatment required. [*Id.*]. Plaintiffs fell two payments behind but continued to make

payments "to catch up." [*Id.*]. In January 2019, Mrs. Gray retired early due to health

issues, and Plaintiffs, again, fell behind on their loan obligations. [*Id.* at p. 5].

In April 2020, Plaintiffs received notice from Aldridge Pite, LLP, the law firm

that conducted the foreclosure of the subject property, detailing the amount owed to on

the original loan. [*Id.*]; [Doc. 2-1, p. 8 n.3] On June 2, 2020, CitiBank, N.A., as trustee for

CMLTI Asset Trust, foreclosed on the subject property, and a little over two months

later, Plaintiffs filed this lawsuit challenging the foreclosure. [Doc. 2-1, p. 4].

## DISCUSSION

### A.     Legal Standard

When ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), it is a

cardinal rule that district courts must accept the factual allegations set forth in a

complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). Under this Rule, a

defendant may test the legal sufficiency of a complaint by way of a motion to dismiss.

*Milo v. CyberCore Techs., LLC*, No. SAG-18-3145, 2020 WL 134537, at *3 (D. Md. Jan. 13,

2020). This motion is an "assertion by a defendant that, even if the facts alleged by a

plaintiff are true, the complaint still fails as a matter of law to state a claim upon which

relief may be granted." *Id.* However, a complaint survives a Rule 12(b)(6)-based motion

if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is

plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a complaint "may proceed even if it strikes a savvy judge that actual proof of [its] facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

When drafting his complaint, "[a] plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (quoting *Twombly*, 550 U.S. at 555). "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take all of the factual allegations in a complaint as true; they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at

4

555. Finally, and in this case, critically, a complaint that tenders "'naked assertions'

devoid of 'further factual enhancement'" will not survive against a motion to dismiss.

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up). To survive, a

complaint must allege enough facts "to raise a reasonable expectation that discovery

will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

> **B.     Defendant Fay Servicing's Motion to Dismiss**

Plaintiffs assert four causes of action—(1) wrongful foreclosure, (2) breach of the

duty of good faith and fair dealing, (3) quiet title, and (4) breach of contract—all based

on the allegation that Defendant is not the secured creditor. [Doc. 1-2, pp. 6–10]. In its

dismissal motion, Defendant seizes on Plaintiffs' admission that "Defendants [*sic*] are

no[t] the 'secured creditors[.]'" [Doc. 1-2, p. 6]; *see also* [Doc. 2-1, p. 6 ("Plaintiffs are

correct that Fay is not the secured creditor.")]. Defendant is the servicer of the mortgage

loan and did not foreclose on the subject property—CitiBank, N.A., as trustee for

CMLTI Asset Trust, did. [Doc. 2-1, p. 6]. Plaintiffs, because of what Defendant

"highlighted" in its dismissal motion, clearly acknowledge that one of their 50 "Doe"

defendants "was the actual party responsible for a portion of the wrongful conduct."

[Doc. 4, p. 2]. Upon this realization, Plaintiffs stated that they would add CitiBank,

N.A., as trustee for CMLTI Asset Trust, as a defendant since "Defendant Fay Servicing

has named them as a responsible party in its[] Motion to Dismiss[.]" [*Id.*]. However,

despite leave of court do to so, Plaintiffs never added this new party to their lawsuit.

As noted above, the loan was assigned to CitiBank, N.A., as trustee for CMLTI

Asset Trust, through as series of assignments. Accordingly, as the holder of the security

deed, CitiBank, N.A., as trustee for CMLTI Asset Trust, had the authority to exercise

foreclosure according to the terms of the loan. *You v. JP Morgan Chase Bank*, 743 S.E.2d

428, 430 (Ga. 2013) (citation omitted) ("Georgia law clearly authorizes the use of 'non-

judicial power of sale foreclosure' as a means of enforcing a debtor's obligation to repay

a loan secured by real property."). "[T]he holder of a deed to secure debt is authorized

to exercise the power of sale in accordance with the terms of the deed even if it does not

also hold the note or otherwise have any beneficial interest in the debt obligation

underlying the deed." *Id.* at 433. Thus, Plaintiffs first three claims against Defendant are

without merit and are due to be dismissed.

As for Plaintiffs' breach of contract claim, they allege that Defendant failed to

give notice of the foreclosure to the holder of the security deed that resulted from the

subordination agreement. [Doc. 1-2, p. 10]. This lack of notice, Plaintiffs claim, breached

the covenants of the original security deed they granted to CitiFinancial Services, Inc.,

and the later subordination agreement. [*Id.*]. But, non-parties (like Plaintiffs) to a

contract (like the subordination agreement) only have a viable claim for relief if they are

a third-party beneficiary to the agreement. [Doc. 2-1, p. 8 (citing *Haldi v. Piedmont*

*Nephrology Assocs., P.C.*, 641 S.E.2d 298, 300 (Ga. 2007))]; *see also* O.C.G.A. § 9-2-20(a).[1] In

this case, unless the subordination agreement clearly shows that the parties to it

(CitiFinancial Services, Inc. and MERS) intended for Plaintiffs to be third-party

beneficiaries, then Plaintiffs do not have standing to enforce the agreement. [Doc. 2-1, p.

8 (quoting *Marvel Enters., Inc. v. World Wrestling Fed'n Ent., Inc.*, 610 S.E.2d 583, 590 (Ga.

Ct. App. 2005))]. And, it did not. *See generally* [Doc. 2-7].

So, because Plaintiffs were not parties to the subordination agreement, they lack

standing to bring any claim concerning an alleged lack of notice mandated by that

agreement. Thus, Plaintiffs' fourth cause of action is due to be dismissed as well.[2]

In conclusion, Plaintiffs—via their response construed as a motion—sought

leave to amend, the Court granted that leave, and they failed to "move forward" with

their case so that Defendant's dismissal motion is now ripe for consideration. *See* [Doc.

4, p. 2]. For the reasons discussed above pertaining to the merits of Plaintiffs' causes of

---

[1] Under Georgia contract law, "an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent."

[2] While Plaintiffs do not assert a specific violation of the Coronavirus Aid, Relief, and Economies Security Act ("CARES Act"), Defendant still makes note of the allegation that Defendant violated the Act by foreclosing on the subject property. [Doc. 2-1, p. 9]. However, as Defendant argues, the CARES Act's 60-day period prohibiting foreclosures only applies to federally-backed mortgage loans. [*Id.*]. Importantly, Plaintiffs did not make any allegation in their Complaint that the loan obtained from CitiFinancial Services, Inc., is backed by the federal government. [Doc. 1-2, pp. 3–11]. To the extent Plaintiffs intended to bring a claim for a violation of the CARES Act, they have omitted critical allegations and have consequently, failed to state a claim. *See McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018), *supra.*

action, the Court **GRANTS** Defendant Fay Servicing's Motion to Dismiss [Doc. 2].

Plaintiffs' claims asserted against Fay Servicing are **DISMISSED with prejudice**.

This leaves Does 1 to 50 as the only remaining defendants in this action. As a

general matter, fictitious-party pleading is not permitted in federal court. *Richardson v.*

*Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d

1092, 1094 n.1 (11th Cir. 1997)). Plaintiffs have nothing in their Complaint to invoke the

limited exception to this rule. *See* [Doc. 1-2, pp. 3–11]. Accordingly, the claims against

Defendants Does 1 to 50 are **DISMISSED** as well, albeit **without prejudice**.

The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 4th day of December, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
